UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/19/2025
```

LUIGI GIROTTO,

                Plaintiff,

-against-

ARAGVI M LLC and 44TH STREET MIDTOWN HOLDINGS LLC,

                Defendants.

24-cv-1995-MKV

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff initiated this action by filing a complaint on March 17, 2024 and, thereafter, filed affidavits of service indicating that Defendants were required to answer by May 6, 2024 [ECF Nos. 1, 7, 8]. However, for nearly a year after Plaintiff filed the affidavits of service, Defendants did not answer or otherwise appear, and Plaintiff took no action to prosecute this case. As such, on April 16, 2025, the Court issued an Order To Show Cause why this case should not be dismissed, with prejudice, for failure to prosecute [ECF No. 9 ("OTSC")].

      In the Order To Show Cause, the Court directed Plaintiff's counsel to explain why the Court should not sanction counsel, in lieu of imposing the harsher sanction of dismissal. OTSC at 1. The Court also warned Plaintiff that "he is ultimately responsible for prosecuting his case, which may be dismissed because of his chosen counsel's" failure to prosecute. *Id.* The Court directed Plaintiff's counsel to inform Plaintiff of this warning. *Id.*

      After the deadline to respond to the OTSC had passed, Plaintiff filed a letter requesting an extension of time "to personally serve the Defendants," since Plaintiff was "not certain of the reception of service by the Defendants" [ECF No. 10 at 1]. In response to that letter, in an Order dated April 23, 2025, the Court directed Plaintiff to "personally serve Defendants and file proof of such service on ECF by May 7, 2025" [ECF No. 11]. The Court also warned: "**Plaintiff and**

1

**counsel are on notice that failure to comply with court orders and all applicable rules and to diligently prosecute this case may result in sanctions, including monetary sanctions on counsel and Plaintiff and dismissal with prejudice pursuant to Rule 41(b)**" [ECF No. 11 (emphasis in original)]. To date, however, Plaintiff has entirely failed to comply with the April 23, 2025 Order and has failed to take any other action to prosecute this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders. *See* Fed. R. Civ. P. 41(b). The Second Circuit has instructed district courts to consider the following factors before dismissing an action for failure to prosecute: (1) the duration of the plaintiff's failure to prosecute or comply; (2) whether the plaintiff was on notice that failure to prosecute or comply could result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay of the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the possibility of imposing a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

The Court has considered these factors and concludes that dismissal is warranted. First, Plaintiff has failed to prosecute this case and comply with court orders for approximately a year. Plaintiff filed affidavits of service in this case one year ago [ECF Nos. 7, 8]. Since then, the sole action Plaintiff has taken to prosecute this case was to file an untimely letter in response to the Order To Show Cause [ECF No. 10]. That letter did not comply with the OTSC, since it was filed after the deadline to respond, and it suggested that Plaintiff may have *never* properly served Defendants, even though Plaintiff's case against Defendants has been open for more than a year. Furthermore, since filing that letter, Plaintiff has continued his pattern of failing to prosecute this

case and to comply with court orders by defying the Court's April 23, 2025 Order and by failing to take any other action to prosecute this case.

Second, Plaintiff was on notice that failure to prosecute or comply could result in dismissal. The Court issued an Order To Show Cause why the case should not be dismissed for failure to prosecute [ECF No. 9]. In the OTSC, the Court clearly warned Plaintiff, personally, that he is responsible for prosecuting his case, which might be dismissed because of his counsel's failure to prosecute it. *See* OTSC. The Court further directed counsel to inform Plaintiff of that warning. *See id.* Thereafter, the Court again warned "Plaintiff and counsel," in bold typeface, that failure to comply with court orders and to prosecute this case could result in "**dismissal with prejudice pursuant to Rule 41(b)**" [ECF No. 11 (emphasis in original)]. These warnings "indisputably" gave Plaintiff notice that this case might "be dismissed for future transgressions." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013).

Third, Defendants could be prejudiced by further delay. This lawsuit has already been pending against Defendants for more than a year. Defendants could be prejudiced in their ability to mount a defense because the events at issue have begun to grow stale while Plaintiff has failed to prosecute his case. *See Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (noting that evidence is less likely to be available as time passes).

The fourth factor—balancing the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard—weighs in favor of dismissal. The Second Circuit has recognized that dismissal for failure to prosecute "is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004). The Court has hundreds of cases (a number of which were filed by Plaintiff) and cannot spend its days attempting to cajole plaintiffs into prosecuting their cases. Plaintiff has

3

had more than a year since filing his complaint to prosecute this case, and the Court has given him two prior warnings that this case might be dismissed. Plaintiff has had a fair opportunity to be heard, which he has declined to take.

Finally, the Court has considered lesser sanctions. *See Baptiste*, 768 F.3d at 216. In the OTSC, the Court directed Plaintiff's counsel to explain why the Court should not impose sanctions on counsel instead of dismissing this case. *See* OTSC. The Court also warned of the possibility of monetary sanctions on both counsel and Plaintiff in the April 23, 2025 Order [ECF No. 11]. However, neither the threat of lesser sanctions, nor the threat of dismissal has prompted compliance. Given the number of lawsuits Plaintiff and his counsel have filed in this Court (a recent ECF query lists 243 cases in which Luigi Girotto is a plaintiff), they might consider the dismissal of one such lawsuit a less severe sanction than monetary penalties.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that this case is DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court respectfully is requested to close this case.

**SO ORDERED.**

Date: **May 19, 2025**
      **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

4